### JOHN MASON

*v.*

### JOHN SHOWALTER.

1. RESULTING TRUST—*land purchased with money of another.* Where a party takes a deed in his own name for another, and pays part of the price with such other person's money, and the balance with his own, this will create a resulting trust in favor of such other to the extent of his money so used, with interest.

2. MONEY HAD AND RECEIVED. Where a party purchased land, and not being able to pay the entire purchase money, procured another to advance the balance, who took a conveyance in his own name as a security, and paid part of the price out of the real purchaser's money in his hands, and who afterwards sold the land for a large sum without any foreclosure, it was *held*, that the latter was liable to the former in assumpsit under the common counts, to the extent of his interest in the land, which was the amount of his money used in the purchase, with interest, and the value of his improvements.

APPEAL from the Circuit Court of Cass county; the Hon. CYRUS EPLER, Judge, presiding.

This was an action of assumpsit, by John Showalter, against John Mason, for money had and received.

It appears, the plaintiff bought a tract of land, and procured the defendant to advance part of the purchase money, who took a conveyance in his own name to secure its repayment. The defendant paid on the land $712 of the plaintiff's money, then in his hands as guardian of the plaintiff, and $225 advanced by the plaintiff, making $937 in all of the plaintiff's money. The plaintiff made improvements on the land. Before the suit, the defendant sold the land for $1500, and received payment. This suit was brought to recover the plaintiff's share in the price received.

Mr. R. W. MILLS, and. Messrs. MORRISON, WHITLOCK & LIPPINCOTT, for the appellant.

Messrs. POLLARD & PHILLIPS, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was assumpsit, on the common counts, in the Cass circuit court. The pleas were, *non assumpsit* and accord and satisfaction, on which a trial was had, resulting in a verdict for the plaintiff, on which the court, on overruling a motion for a new trial, rendered judgment, and the defendant appeals.

On a careful examination of the points made on the record, we are unable to perceive any error. The plaintiff had an interest in this land to the extent of his payments on it, and the recovery is for no more, after the *remittitur* was entered. Appellant never, in any way, foreclosed, or attempted to foreclose, this interest, and as he sold the land for a large sum, he ought to answer to appellee for his interest in the land. This amounted to nine hundred and thirty seven dollars in money paid on the purchase, and created a resulting trust in the land to that extent, with interest added, for which appellant must be liable, besides the value of the improvements made by appellee. Appellant, as he held the legal title as security only for his advances, could, at any time, if there was a default on appellee's part, have instituted proceedings in equity to have the security disposed of to reimburse himself, and the surplus, if any, paid to appellee. But he never attempted to foreclose appellee's interest.

We perceive no error in the record, and affirm the judgment.

*Judgment affirmed.*